UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 18-23736-CIV-MORENO**

PSS OF CORAL GABLES, LLC,

       Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

       Defendant.

_____/

## <u>ORDER GRANTING IN PART AND DENYING IN PART</u><br><u>DEFENDANT'S MOTION TO DISMISS COMPLAINT AND TO COMPEL APPRAISAL</u>

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss Complaint and to Compel Appraisal and Abate All Proceedings Pending Completion of Appraisal and Memorandum of Law **(D.E. 4)**, filed on **<u>September 19, 2018</u>**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and is otherwise fully advised in the premises. In Florida, "appraisal provisions contained within insurance policies are generally treated the same as arbitration provisions." *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016) (citing *Fla. Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So. 3d 703, 704 (Fla. 4th Dist. Ct. App. 2009); *United States Fidelity & Guar. Co. v. Romay*, 744 So. 2d 467, 469 (Fla. 3d Dist. Ct. App. 1999) (*en banc*); *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1102 (Fla. 3d Dist. Ct. App. 1994)). Consequently, "motions to compel appraisal should be granted whenever the parties have agreed to the provision." *Id.* (quoting *Martinez*, 643 So. 2d at 1103). Enforcing appraisal provisions are "preferred over lawsuits as they provide a mechanism for prompt resolution of claims and discourage the filing

of needless lawsuits." *Id.* (quoting *First Protective Ins. Co. v. Hess,* 81 So. 3d 482, 485 (Fla. 1st Dist. Ct. App. 2011)).

Here, § E(2) of the Building & Personal Property Coverage policy between the Parties contains this appraisal provision:

### E. Loss Conditions

. . .

### 2. Appraisal

*If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.* In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    a.  Pay its chosen appraiser; and

    b.  Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

(D.E. 1-2 at 40 (emphasis added).) Pursuant to this provision, Defendant invoked appraisal "for all damages demanded in Plaintiff's Complaint" in a written demand dated September 12, 2018. (D.E. 4-3 at 1–2.) A week later, Defendant moved the Court to compel appraisal and to abate this action pending completion of appraisal. (D.E. 4 at 6.) Plaintiff responded that it "does not oppose entry of an order compelling appraisal." (D.E. 6 at 5.) The Court agrees with the Parties that appraisal of this action is appropriate pursuant to the terms of the policy. Furthermore, while the Parties appear to dispute whether some the alleged damage is covered by the Parties' insurance policy, "[u]nder Florida law, 'the trial court may exercise its discretion when

2

determining whether to compel appraisal of an insurance claim before determining whether the policy covers the claimed loss.'" *Island Shores Condo. Ass'n, Inc. v. Great Am. Ins. Co. of N.Y.*, No. 1:14-cv-24490-UU, 2015 WL 12780951, at *2 (S.D. Fla. May 7, 2015) (quoting *State Farm Fla. Ins. Co. v. Cardelles*, 159 So. 3d 239, 241 (Fla. 3d Dist. Ct. App. 2015)). Such an exercise of discretion is appropriate here because appraisal could lead to "prompt resolution of [the] claims." *Wright Way*, 2016 WL 9526569, at *2 (quoting *Hess*, 81 So. 3d at 485). Consequently, it is

**ADJUDGED** that the motion is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Defendant's Motion to Compel Appraisal and Abate All Proceedings Pending Completion of Appraisal is **GRANTED**;

(2) The Clerk of this Court shall mark this cause closed for statistical purposes and place the matter in a civil suspense file. The Court will retain jurisdiction and the case will be restored to the active docket upon motion of a party if circumstances change so that this action may proceed to final disposition. This order will not prejudice the rights of the parties to this litigation;

(3) Plaintiff SHALL notify the Court of the current status of the appraisal process every thirty (30) days after entry of this Order; and

(4) Defendant's Motion to Dismiss is **DENIED** as **MOOT** with leave to refile pending completion of appraisal, should this action need to proceed.

DONE AND ORDERED in Chambers at Miami, Florida, this 29 of October 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record